# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JONATHAN GRANGER,                                                      PETITIONER
ADC#104931

v.                                 5:12-cv-00330-BSM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                     RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I. BACKGROUND**

Earlier this year, on February 8, 2012, the Court dismissed Mr. Granger's first habeas petition as untimely. *Granger v. Hobbs*, No. 5:11cv00320-BSM-JJV (E.D. Ark. 2012). Mr. Granger filed the instant Petition for Writ of Habeas Corpus on August 28, 2012. (Doc. No. 2.) So for the following reasons, the instant Petition must be dismissed as successive.

**II. DISCUSSION**

Title 28, United States Code, Section 2244(b)(3) provides that petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). This prior-authorization requirement is

jurisdictional in nature. *Burton v. Stewart*, 549 U.S. 147, 156 (2007). For purposes of this requirement, where the claims asserted in the second or successive habeas petition were not alleged in previously filed habeas petitions, the claims "shall be dismissed unless:"

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. 2244(b)(2).

After reviewing the record, the Court concludes the instant Petition is successive. Mr. Granger filed an earlier petition for writ of habeas corpus on December 19, 2011, which was dismissed as untimely on February 8, 2012. *Granger v. Hobbs*, No. 5:11cv00320-BSM-JJV, Doc. No. 8 (E.D. Ark. 2012). And "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). Since Mr. Granger has not shown the requisite authorization from the United States Court of Appeals for the Eighth Circuit, this Court lacks jurisdiction to consider the claims in the instant Petition and it must be dismissed without prejudice.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, this Court clearly has no jurisdiction over the instant Petition as it is second or successive. Jurists of reason would not differ as to the outcome of this case. Therefore, no certificate of appealability should be issued.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Granger's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED without prejudice.

2. A certificate of appealability be denied.

SO ORDERED this 30th day of August, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE